```
                    UNITED STATES DISTRICT COURT
                     MIDDLE DISTRICT OF FLORIDA
                        FORT MYERS DIVISION
```

REGINALD HAYES,

                Plaintiff,

vs.                                     Case No.   2:05-cv-393-FtM-29DNF

ROBERT   R.   JACOBS,   ROBERT   E.
MCCORMACK,

                Defendants.
_____

## ORDER

This matter comes before the Court upon initial review of the file. Plaintiff, currently confined in the Lee County Jail proceeding *pro se,* filed a civil rights complaint form under 42 U.S.C. § 1983 on August 15, 2005 (Doc. #1). Plaintiff alleges Sixth Amendment and Fourteenth Amendment violations against his public defenders, Robert R. Jacobs and Robert E. McCormack. In particular, Plaintiff claims that his public defender failed to effectively represent him in connection with his underlying criminal case by: 1) agreeing to waive Plaintiff's right to a speedy trail; and, 2) failing to investigate an "illegal act" by the police officer. Complaint, page 4. Plaintiff attaches to his Complaint various "Detention Bureau Inmate Request" forms directed to the Public Defender in which he advises defense counsel that he does not want to waive his right to a speedy trial, and requests that defense counsel withdraw as counsel due to a conflict of interest. Complaint, Exhibits A, B, and C. Plaintiff seeks as

relief to have the Federal Bureau of Investigation investigate his case for violations of his civil rights and monetary damages. Complaint, Section VIII, page 15.

**I.**

Because Plaintiff seeks to proceed in this action *in forma pauperis* (Doc. #2), the Court is required to review Plaintiff's *pro se* Complaint to determine whether the complaint is frivolous, malicious or fails to state a claim. See 28 U.S.C. § 1915(e)(2)(B)(I)-(iii).  In essence, §1915(e)(2) is a screening process, to be applied sua sponte and at any time during the proceedings.  See 28 U.S.C. §1915(e)(2). The Court, nonetheless, must read Plaintiff's pro se allegations in a liberal fashion. Haines v. Kerner, 404 U.S. 519 (1972) reh'g denied 405 U.S. 948 (1972); see also Miller v. Stanmore, 636 F.2d 986, 988 (5th Cir. 1981).

A complaint filed in forma pauperis which fails to state a claim under Fed.R.Civ.P. 12(b)(6) is not automatically frivolous. Neitzke v. Williams, 490 U.S. 319, 328 (1989). Rather, the test for granting a § 1915 dismissal is whether the claim lacks arguable merit either in law or fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); see also Mitchell v. Brown & Williamson Tobacco Corp., 294 F.3d 1309 (11th Cir. 2002); Bilal v. Driver, 251 F.3d 1346,(11th Cir. 2001). Additionally, § 1915 requires dismissal when the legal theories advanced are "indisputably meritless," Nietzke at 327;

when the claims rely on factual allegations which are "clearly baseless" Denton v. Hernandez, 504 U.S. 25, 32 (1992); or, when it appears that the plaintiff has little or no chance of success. Bilal, at 1349.

In any § 1983 action, the initial inquiry must focus on whether the two essential elements to a § 1983 action are present:

> (1) whether the person engaged in the conduct complained of was acting under color of state law; and (2) whether the alleged conduct deprived a person of rights, privileges or immunities guaranteed under the Constitution or laws of the United States. Parratt v. Taylor, 451 U.S. 527, 535 (1981), overruled on other grounds by, Daniels v. Williams, 474 U.S. 327 (1986); Burch v. Apalachee Community Mental Health Services, Inc., 840 F.2d 797, 800 (11th Cir. 1988), aff'd by, Zinermon v. Burch, 494 U.S. 113 (1990).

Duke v. Massey, 87 F.3d 1226, 1231 (11th Cir.), reh'g and suggestion for reh'g en banc denied, 98 F.3d 1355 (11th Cir. 1996); Hale v. Tallapoosa County, 50 F.3d 1579, 1582 (11th Cir. 1995)

II.

Plaintiff's claim is fatally flawed because the Complaint fails to meet the requirements of a Section 1983 action because Defendant Robert R. Jacobs and Robert E. McCormack are not "persons" "acting under of color of state law" for the purposes of the statute. Significantly, the United States Supreme Court has held that "a public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a

defendant in a criminal proceeding." <u>Polk County, et al. v. Dodson</u>, 454 U.S. 312, 325 (1981) (footnote omitted).

The Court, in viewing the facts alleged in the light most favorable to Plaintiff, concludes that no relief could be granted against these Defendants under any set of facts that could be proved consistent with the allegations in Plaintiff's Complaint. <u>Lewis v. City of St. Petersburg</u>, 260 F.3d 1260, 1262 (11th Cir. 2001) (citing <u>Hishon v. King & Spaulding</u>, 467 U.S. 69, 73 (1984)).

Additionally, to the extent that Plaintiff is challenging the fact and/or duration of his present confinement due to what he perceives as constitutional errors committed during his trial, Plaintiff's complaint presents a habeas corpus claim rather than a civil rights claim. Plaintiff, however, must first exhaust his state court remedies with respect to any habeas claim prior to filing a petition in this Court.

Thus, for the reasons stated above, Plaintiff has failed to state a cognizable claim under § 1983 and consequently, this case will be dismissed pursuant to 28 U.S.C. §1915(e)(2)(B)(ii).

ACCORDINGLY, it is now

**ORDERED:**

1. Plaintiff's Complaint is **DISMISSED**, WITHOUT PREJUDICE, for failure to state a claim upon which the Court can grant relief.

2.  The **Clerk of the Court** shall: (1) enter judgment accordingly; (2) term any pending motions; (3) close this file; and (4) send Plaintiff a habeas corpus form.

3.  Plaintiff may complete and return the enclosed habeas corpus forms for filing on the Court's habeas corpus docket **after Plaintiff has fully exhausted his state court remedies**.

**DONE AND ORDERED** in Fort Myers, Florida, on this __24th__ day of August, 2005.

*John E. Steele*
JOHN E. STEELE
United States District Judge

SA:   hmk
Copies: All Parties of Record